IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WESTFIELD INSURANCE COMPANY,

                Plaintiff,

v.                                    CIVIL ACTION NO.  2:07-cv-00034

JOHN MERRIFIELD, et al.,

                Defendants.


MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's motion for summary judgment [Docket 22], and defendant Diane Merrifield's motion for summary judgment [Docket 31].  Both the plaintiff, Westfield Insurance Company ("Westfield"), and defendant Diane Merrifield ("Mrs. Merrifield") submit that no factual dispute exists in this declaratory judgment action.  For the reasons stated below, the plaintiff's motion is **GRANTED** and the defendant's motion is **DENIED**.

**I. Background**

Westfield brought this declaratory judgment action to determine its obligations, if any, to defend and indemnify the defendants, John and Diane Merrifield, in a state court action pursuant to a Homepak Policy ("Policy") issued by Westfield to the defendants.  The underlying action was filed by Jeremy S. Goodall, as Administrator of the Estate of Logan Shane Goodall, in the Circuit Court of Kanawha County, West Virginia.  In the lawsuit, Mr. Goodall brought claims of medical negligence, violation of statute, and civil conspiracy against Dr. Merrifield and claims of negligence

and civil conspiracy against Mrs. Merrifield.[1]  (Compl., Westfield's Mot. Summ. J. Ex. A [Docket 22].) The state litigation arose as a result of the death of Logan Goodall, who died at the age of three from injuries caused by physical and sexual abuse.  (*Id.* ¶ 6.) The Merrifield's son, Michael Merrifield, was subsequently convicted by a Putnam County jury of first degree murder, death of a child by guardian or custodian, and sexual abuse by a guardian.

The state court plaintiff alleges that prior to his death on September 6, 2005, Logan Goodall sustained numerous injuries, some of which were unusual and suspicious and suggested physical and sexual abuse.  (*Id.*) The state court plaintiff asserts that Dr. Merrifield treated Logan Goodall for these injuries, yet failed to report them to the proper authorities in accordance with the mandatory reporting requirements imposed on doctors under West Virginia Code Section 49-6A-2. (*Id.* ¶¶ 7-8.) Mr. Goodall further submits that as a result of an anonymous call on August 22, 2005 to the Department of Health and Human Resources ("DHHR"), a DHHR employee interviewed Mrs. Merrifield as part of an investigation into the abuse of Logan Goodall.  (*Id.* ¶¶ 9-11.) The plaintiff alleges that during this interview, which occurred on August 24, 2005, Mrs. Merrifield "told said DHHR employee that she never heard of a child by the name of Logan or a lady by the name of Pepper Eren [(Logan Goodall's mother)] and that her son, Michael Merrifield was a fisherman living on a houseboat off the coast of the Carolinas."  (*Id.* ¶¶ 11-12.) The plaintiff claims, however, that Mrs. Merrifield "knew Logan and Pepper Eren in that they had visited her home several times and even spent the night there on occasion; knew that her son, Michael Merrifield, was not living out of state but was living in West Virginia; and knew that he too had visited her home many times, sometimes with Pepper Eren and Logan."  (*Id.* ¶ 13.) The plaintiff asserts that from the date of

---

[1] The Department of Health and Human Resources was also named as a defendant in the underlying complaint. Those claims are unrelated to this action.

DHHR's interview with Mrs. Merrifield until the date of his death, Logan Goodall continued to be physically and sexually abused and ultimately died as a result of that abuse. (*Id*. ¶¶ 15-16.)

The state court plaintiff alleges that Dr. Merrifield was medically negligent in that he failed to provide "the standard of care expected of a reasonably prudent Family Practitioner under the same or similar circumstances and which rises to the level of being gross negligence, intentional, willful, wanton and reckless misconduct, thus justifying punitive damages." (*Id*. ¶ 19.)  Additionally, the plaintiff asserts that Dr. Merrifield violated West Virginia Code Section 49-6A-2, in that he "observed and treated unusual and suspicious injuries sustained by Logan," but "failed to report the same to DHHR." (*Id*. ¶ 24.)  As to Mrs. Merrifield, the plaintiff contends that Mrs. Merrifield had a duty to cooperate with and provide honest information to DHHR, and that she breached that duty "by negligently providing false information to DHHR and was otherwise negligent in withholding information." (*Id*. ¶¶ 28-29.) Finally, the state plaintiff alleges that Dr. and Mrs. Merrifield "entered into a civil conspiracy by and between themselves, and perhaps with others, whereby they agreed, either overtly or tacitly to withhold information from DHHR and law enforcement agencies regarding the physical and sexual abuse that was being inflicted upon Logan." (*Id*. ¶ 33.) The plaintiff asserts that "[t]he purpose of the conspiracy was to protect their son, Michael K. Merrifield, a person well known to them to be abusive and violent, from suspicion, investigation and prosecution for the physical and sexual abuse being inflicted upon Logan."   (*Id*.) As a direct and proximate result of these actions, the plaintiff alleges, Logan Goodall "continued to be subjected to physical and sexual abuse which substantially contributed to his demise and ultimate death."   (*Id*. ¶¶ 20, 25, 30, 36.)

On January 18, 2007, Westfield filed the instant declaratory judgment action seeking a determination that it has no duty to indemnify or defend the defendants in the underlying state court action because the underlying complaint alleges conduct that is either not included in or explicitly excluded from coverage under the Merrifield's Policy.  Subsequently, both Westfield and Mrs. Merrifield moved for summary judgment.  Dr. Merrifield did not move for summary judgment and has failed to respond to Westfield's motion.

## II. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor."  *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.  *Anderson*, 477 U.S. at 252.

### III. Analysis

Westfield asserts that the underlying complaint alleges that the injuries sustained by Logan Goodall did not arise from an "occurrence," as that term is defined under the Policy, and therefore the Policy does not require Westfield to defend Dr. and Mrs. Westfield or to pay or satisfy any judgment or award rendered to Mr. Goodall in the underlying action. Secondly, Westfield contends that even if the alleged harm arose from an occurrence, the Policy expressly excludes coverage for the claims against the Merrifields.

As a court sitting in diversity, I will apply the law of West Virginia, the forum state. In *re Nantahala Vill., Inc.,* 976 F.2d 876, 880-81 (4th Cir.1992) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)). The interpretation of an insurance contract is a matter of law when the material facts are not in dispute. *Tennant v. Smallwood*, 568 S.E.2d 10, 11 (W. Va. 2002). In interpreting the contract, the terms should be given their plain, ordinary meaning. *State Bancorp, Inc. v. U.S. Fid. & Guar. Ins. Co.*, 483 S.E.2d 228, 233 (W. Va. 1997). Under West Virginia law, "an insurer's duty to defend is normally tested by whether the allegations in the complaint against the insured are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy." *Horace Mann Ins. Co. v. Leeber*, 376 S.E.2d 581, 584 (W. Va. 1988). Thus, it is necessary that the claim stated in the underlying complaint *could*, without amendment, impose liability for risks the Policy covers; but it is not necessary for the complaint to "specifically and unequivocally delineate a claim which, if proved, would be within the insurance coverage." *Id.*; *see also W.Va. Fire & Cas. Co. v. Stanley*, 602 S.E.2d 483, 489 (W. Va. 2004). Finally, "if part of the claims against an insured fall within the coverage of a liability insurance policy and part do not, the insurer must defend all

-5-

of the claims, although it might eventually be required to pay only some of the claims." *Id*.  The

insured need not defend a case against the insured, however, "if the alleged conduct is entirely

foreign to the risk insured against." *Id*.

With the above principles in mind, I will examine the provisions of the Policy to

determine whether any of the allegations in Mr. Goodall's complaint are "reasonably susceptible

of an interpretation that the claim may be covered by the terms of the insurance policy."  *Id*.

*A. Claims against Dr. Merrifield*

In Count I, the underlying plaintiff alleges that Dr. Merrifield was medically negligent, in

that he breached the standard of care owed to Logan Goodall "by providing care and treatment to

Logan that was below the standard of care expected of a reasonably prudent Family Practitioner .

. . and which rises to the level of being gross negligence, intentional, willful, wanton and

reckless misconduct."          (Compl. ¶¶ 17-21, Westfield's Mot. Summ. J. Ex. A.)  In Count II,

the plaintiff asserts a claim for violation of statute, and alleges that Dr. Merrifield "observed and

treated unusual and suspicious injuries sustained by Logan, he failed to report the same . . . in

violation of West Virginia Code, 49-6A-2, and constitutes gross negligence, intentional, willful,

wanton and reckless, thus justifying punitive damages."  (*Id*. ¶¶ 22-26.)

Even if this court were to find that the injuries sustained by Logan Goodall were caused

by an "occurrence," and therefore covered under the Policy, the alleged conduct is squarely

precluded by exclusions in the Policy.  The Policy provides that the insurance does not apply to

bodily injury[2]:

---

[2] "Bodily injury" is defined as "bodily harm, sickness or disease, including . . . death that results" or as
(continued...)

b. arising out of or in connection with a business[3] engaged in by an insured.  This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the business.

. . .

d. arising out of the rendering of or failure to render professional services.

(Westfield's Mot. Summ. J. Ex. B at 14 [Docket 22].)

I **FIND** that Counts I and II against Dr. Merrifield allege liability arising out of Dr. Merrifield's professional business and his failure to render competent professional services. Accordingly, there is no coverage for such acts under the Policy, and the plaintiff is entitled to summary judgment on these counts.

*B. Negligence Claim against Mrs. Merrifield & Civil Conspiracy Claim against Dr. & Mrs. Merrifield*

In Count III, the underlying plaintiff alleges that Mrs. Merrifield breached her duty to cooperate with and provide honest information to DHHR "by negligently providing false information to DHHR and was otherwise negligent in withholding information." (Compl. ¶ 29, Westfield's Mot. Summ. J. Ex. A.) In Count IV, the underlying plaintiff alleges that Dr. and Mrs. Merrifield entered into a civil conspiracy "whereby they agreed, either overtly or tacitly to withhold information from DHHR and law enforcement agencies regarding the physical and

---

[2](...continued)
"personal injury" which is defined as an injury arising out of "false arrest, detention or imprisonment, or malicious prosecution; libel, slander or defamation of character; invasion of privacy, wrongful eviction or wrongful entry." (Westfield's Mot. Summ. J. Ex. B at 1 [Docket 22].) Westfield asserts that "Mr. Goodall does not allege the Merrifields' liability for 'bodily injury.'" (Westfield's Mem. Summ. J. 9.) The court cannot agree.  Under every count, Mr. Goodall alleges that as a "direct and proximate result" of the Merrifields' conduct, "Logan continued to be subjected to physical and sexual abuse which substantially contributed to his demise and ultimate death."  (Compl. ¶¶ 20, 25, 30, 36, Westfield's Mot. Summ. J. Ex. A.)

[3] Business is defined as including a "trade, profession or occupation."

-7-

sexual abuse that was being inflicted upon Logan."  (*Id.* ¶ 33.) The parties dispute whether the Merrifield's alleged acts are covered by the Policy.  This court need not consider whether the acts giving rise to liability are an occurrence under the Policy because I find that the Policy terms exclude coverage.

The personal liability coverage in the Policy is limited in that it does not apply to bodily injury "arising out of sexual molestation, corporal punishment or physical or mental abuse." (Westfield's Mot. Summ. J. Ex. B at 15.) Mrs. Merrifield suggests that the West Virginia Supreme Court's holding in *Columbia Casualty Co. v. Westfield Insurance Co.*, 617 S.E.2d 797 (W. Va. 2005), which required courts to interpret policy terms from the perspective of the insured, should extend to policy exclusions.  *See id.* at 799.  Mrs. Merrifield suggests that from her perspective, the underlying plaintiff is seeking damages which were directly and proximately caused by her acts.  Thus, those acts, rather than Michael Merrifield's abuse of Logan Goodall, were the source of the damages sought in the underlying case and should be the basis under which an exclusion clause is evaluated.  Accordingly, Mrs. Merrifield argues that the injury to Logan Goodall, his death, arose not from physical and sexual abuse, but from her alleged negligence and civil conspiracy.  In support of this argument, Mrs. Merrifield cites *St. Paul Fire & Marine Insurance Co. v. Schrun*, 149 F.3d 878 (8th Cir. 1998), in which the Eighth Circuit held that the sexual molestation exclusion was not applicable because the abuser's conduct was "merely incidental" to the policy holders' alleged negligent supervision of children in their home.  *Id.* at 881.

Mrs. Merrifield's reliance on *St. Paul* is misplaced.  First, that case involved claims for negligent supervision of a minor, not for general negligence.  The Eighth Circuit itself has

distinguished the case, explaining that "[n]egligent supervision of a minor is a unique claim under Missouri law because it is the obligation and ability to supervise and control *the child*, not the instrumentality that caused the harm, that is the decisive factor. *Am. Family Mut. Ins. Co. v. Co Fat Le*, 439 F.3d 436, 441 (8th Cir. 2006) (internal quotations omitted).  While this issue has not yet been addressed by the West Virginia Supreme Court of Appeals, other courts have considered the matter.  In *Allstate Insurance Co. v. Bates*, 185 F. Supp. 2d 607 (E.D.N.C. 2000), the underlying plaintiff alleged the Mrs. Bates was negligent by failing to protect a minor child invited into her home from her husband and to warn the child's mother of her husband's propensity for assaulting minors.  *Id*. at 612.  The *Bates* court rejected Mrs. Bates' argument, which also relied on *St. Paul*, that the injury to the child arose from her negligent acts rather than the sexual molestation.  *Id*.  The court held that the explicit policy language, which is almost identical to the language in the Merrifields' Policy, "specifically ties the sexual molestation exclusion to the nature of the injury."  *Id*. at 613.  "Without the molestation there would be no injury and thus, no basis for the negligence claim."  *Id*.  The Bates court concluded, therefore, that the injuries "arose out of" sexual molestation, rather than the negligent acts of Mrs. Bates. *Id*.

    This court must attempt to predict what the West Virginia Supreme Court of Appeals would do if confronted with this issue.  While "the duty of an insurer to defend an insured is generally broader than the obligation to provide coverage," "where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended."  *State Bancorp*, 483 S.E.2d at 233 (internal quotations omitted).  I agree with the analysis of the *Bates* court and

similarly reject Mrs. Merrifield's argument relying on *St. Paul*. The Policy is unambiguous. It bars coverage for injuries arising out of sexual molestation. The only harm alleged in the underlying complaint is the death of Logan Goodall, caused by his physical and sexual abuse. This "bodily injury" arose from sexual molestation, not from the negligent or intentional acts of Dr. and Mrs. Merrifield.

Based on the explicit, unambiguous language of the Policy exclusion, Westfield does not have a duty to defend Dr. and Mrs. Westfield against the charges filed by Jeremy Goodall. Accordingly, I **FIND** that the plaintiff's motion for summary judgment is **GRANTED**, and defendant Diane Merrifield's motion for summary judgment is **DENIED**. It is hereby **ORDERED**, **ADJUDGED** and **DECREED** that plaintiff Westfield does not have a duty to defend Dr. John Merrifield or Diane Merrifield in the action filed against them by Jeremy Goodall, as Administrator of the Estate of Logan Goodall.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   February 5, 2008

Joseph R. Goodwin, Chief Judge

-10-